

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-25-2002

# Mullen v. Thompson

Precedential or Non-Precedential:

Docket 1-3158

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Mullen v. Thompson" (2002). *2002 Decisions.* Paper 200.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/200

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-3158


NOEL MULLEN, a minor; MICHAEL MULLEN; NAOMI MULLEN, his
wife, in their own right and as parents and legal guardians
of NOEL MULLEN; RICHARD ALEX, a minor; ROBERT ALEX, a minor;
JEROME ALEX; MARY ANN ALEX, his wife, in their own right and
as parents and legal guardians of RICHARD ALEX and ROBERT
ALEX, minors; LARA WALKER, a minor; MICHAEL WALKER, a
minor; LARRY WALKER; JEAN C. WALKER, his wife, in their own
right and as legal guardians of LARA WALKER and MICHAEL
WALKER, minors; ASHLEY MAIER, a minor; BRENDA MAIER, an
adult in her own right and as parent and legal guardian of
ASHLEY MAIER; ASHLEY LOWREY, a minor; RONALD LOWREY; WENDY
LOWREY, his wife, in their own rights and as parents and
legal guardians of ASHLEY LOWREY; CHRISTOPHER TAVORMINA, a
minor; KIM TAVORMINA, an adult in her own right and as
parent and legal guardian of CHRISTOPHER TAVORMINA; RONELL
MURRAY, a minor; MICHAEL MURRAY, SR., REVEREND, an adult in
his own right and as parent and legal guardian of RONELL
MURRAY,

Appellants

v.

JOHN W. THOMPSON, individually and as Superintendent of the
City of Pittsburgh School District and Secretary of the
Board of Directors of the City of Pittsburgh School
District; RICHARD R. FELLERS, individually and as Executive
Director of Business Affairs; ALEX MATTHEWS, individually
and as President and member of the Board of Public
Education; RANDALL TAYLOR, individually and as First Vice
President and member of the Board of Public Education;
EVELYN B. NEISER, individually and as Second Vice President
and member of the Board of Public Education; MARK A.
BRENTLEY, SR., individually and as a Member of the Board of
Education; JEAN FINK, individually and as a Member of the
Board of Education; DARLENE HARRIS, individually and as a
Member of the Board of Education; WILLIAM SCOTT ISLER,
individually and as a Member of the Board of Education;
MAGGIE SCHMIDT, individually and as a Member of the Board of
Education; JEAN E. WOOD, individually and as a Member of the
Board of Education; THE SCHOOL DISTRICT OF THE CITY OF
PITTSBURGH

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil  No. 01-cv-01087)
District Judge: Hon. Gary L. Lancaster


Submitted Under Third Circuit LAR 34.1(a)
March 7, 2002

Before: SCIRICA and COWEN,  Circuit Judges,
RESTANI*, Judge, United States Court of International Trade

(Filed March 25, 2002)


_____

OPINION
_____


*Honorable Jane A. Restani, Judge, United States Court of International
Trade, sitting by
designation.


COWEN, Circuit Judge
     In this case, Plaintiffs appeal from the dismissal of their various
civil rights claims
which arise out of the closing of numerous public schools in the City of
Pittsburgh,
Pennsylvania.  Because there is no error in the District Court's
determination that it did
not have subject matter jurisdiction over these claims, we will affirm.
                              I.
     Plaintiffs are nine students enrolled in the Pittsburgh public
schools and their
respective parents.  Defendants are John Thompson, the Superintendent of
the School
District of the City of Pittsburgh, and members of the Pittsburgh Board of
Education.
Taking, as we must, the Plaintiffs allegations as true, the essential
facts of this case are as
follows.  On November 10, 2000, a local Pittsburgh newspaper published a
story about 24
schools in the school district listed for closing.  On November 14, 2000,
the district
officially announced plans to close eighteen schools.  On November 30,
2000, the School
Board held a public meeting and allowed the public to address the fiscal
year 2001

budget. Although the meeting was advertised earlier in a newspaper of general circulation, the advertisement did not specifically mention the issue of school closings. Nonetheless, several of the Plaintiffs and others showed up at the meeting and voiced opinions in opposition to the closings. Members of the public were successful in preventing the closing of some schools, but Plaintiffs did not have the same success.

On December 20, 2000, the School Board cast a 5-4 vote to enact a budget for fiscal year 2001. The budget included the closings of eight different public schools. Thereafter, Plaintiffs filed the present action to enjoin the School Board from closing the schools. Plaintiffs' claims were grounded in the Civil Rights Act of 1871 (42 U.S.C. 1983) and asserted violations of the First Amendment right to petition the government for redress of grievances and the 14th Amendment's guarantee of due process of law. Defendants moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The District Court agreed with Defendants and dismissed the case for lack of subject matter jurisdiction, holding that the actions of the School Board did not run counter to the federal Constitution. This appeal followed.

## II.

Plaintiffs contend that the School Board's decision to close the schools before the full time provided for in section 7-780 violates the First Amendment's language guaranteeing the right to petition the government for redress of grievances. More specifically, Plaintiffs assert that public pressure was successful in preventing the closings of some schools. Thus, had Plaintiffs had more time to speak out, they could have been successful as well.

We are sympathetic to the assertion that Plaintiffs apparently had less time than mandated by state law (under section 7-780) to voice opinions opposing the closings before those closings became final. Nevertheless, we are not persuaded that the alleged failure to comply with the purely procedural mechanism of section 7-780 rises to the level of a First Amendment violation. Section 1983 is a critical method for vindicating the

denial of federally guaranteed rights but that statute may not be invoked every time local officials allegedly act contrary to state or local procedural law. In our view, Plaintiffs' complaints are more properly left to the Pennsylvania state courts, which may take whatever action is permissible under state law to redress the fact that a state statute was not complied with by local officials. Indeed, the state courts of Pennsylvania have redressed violations of section 7-780 in the past. We express no opinion on how such state-level litigation should proceed or what ultimate result should be reached.

Plaintiffs also argue that the premature school closing decision violated their 14th Amendment due process rights. We are not convinced. The District Court correctly analyzed the substance of this issue and properly concluded that Plaintiffs have no constitutionally cognizable property or liberty interest in attending the individual school of their choice. See Mullen v. Thompson, 155 F. Supp.2d 448, 451-53 (W.D. Pa. 2001). While Pennsylvania law clearly guarantees an adequate free public education generally, the contours of that right are not nearly as specific as Plaintiffs here contend. If the Defendants had denied Plaintiffs access to any free public education, that would be a different matter. However, without a constitutionally recognized property or liberty interest, there is no need for further inquiry on the due process question. See, e.g., Paul v. Davis, 424 U.S. 693, 711-712 (1976).

III.

Even if all facts asserted by Plaintiffs are true, there is no potential for relief under the provisions of 42 U.S.C. 1983 since no violations of the federal Constitution have occurred. The District Court was correct to grant Defendants' Motion pursuant to Rule 12(b)(1) and dismiss the cause of action for lack of subject matter jurisdiction.

For all of the foregoing reasons, the order of the District Court entered August 1, 2001 will be affirmed.

TO THE CLERK:
Please file the foregoing opinion.

/s/ Robert E. Cowen
United States Circuit Judge